| | |
|---|---|
| DISTRICT COURT, EAGLE COUNTY, COLORADO<br>885 Chambers Avenue<br>P.O. Box 597<br>Eagle, CO 81631 | DATE FILED: August 29, 2022 3:07 PM<br>FILING ID: 7D0CA82B27795<br>CASE NUMBER: 2022CV30162 |
| Plaintiff:  **THOMAS WHIPPLE**<br><br>v.<br><br>Defendant:  **JASON PROVALENKO individually and as the beneficiary of Forge Trust Company f/k/a IRA Services Trust Company, FBO Jason Provalenko IRA Account #566032 Tax ID: #26-2627205; and FORGE TRUST COMPANY f/k/a IRA SERVICES TRUST COMPANY, FBO JASON PROVALENKO IRA ACCOUNT #566032 TAX ID: #26-2627205; and TAYLOR HILL EQUITABLE ROAD USERS GROUP, a Colorado nonprofit corporation; and RYLAND GARDNER** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>ANDERSON NOTARIANNI MCMAHON LLC<br>Kevin E. McKay, #50997<br>1290 Broadway, Suite 1700<br>Denver, Colorado 80203<br>(303) 458-7117<br>kmckay@anm-law.com | Case No.<br><br>Division: |
| **COMPLAINT UNDER C.R.C.P. 105** | |

Plaintiff Thomas Whipple states the following Complaint against Defendant.

## <u>Parties, Jurisdiction and Venue</u>

1.      Plaintiff Thomas Whipple ("Whipple") is an individual who resides at 300 Ten Five Dive Drive, Red Cliff, Colorado 81649 and owns the following real property (collectively, the "Whipple Property") all in Eagle County, Colorado:

> The BIG SUNFLOWER LODE MINING CLAIM, U.S. Mineral Survey No. 2031, located in the Eagle Mining District, and embracing a portion of Section 2, Township 8 South, Range 80 West of the 6th P.M., as patented and described in United States Patent recorded November 29, 2001, as Reception No. 776817, County of Eagle, State of Colorado;
>
> And

The COLORADO MINT LODE MINING CLAIM, U.S. Mineral Survey No. 2032, located in the Eagle Mining District, and embracing a portion of Section 2, Township 8 South, Range 80 West of the 6th P.M., as patented and described in United States Patent recorded November 29, 2001, as Reception No. 776818, County of Eagle, State of Colorado.

2.      Defendant Jason Provalenko ("Provalenko") is an individual who resides at 250 Ten Five Drive, Red Cliff, Colorado 81649 and owns the following real property (collectively, the "Provalenko Property") all in Eagle County, Colorado:

The LOGOS LODE MINING CLAIM, U.S. Mineral Survey No. 1720, as patented and described in United States Patent recorded May 29, 2002 at Reception No. 796964;

and

The JOKER LODE MINING CLAIM, U.S. Mineral Survey No. 5232, as patented and described in United States Patent recorded May 29, 2002 at Reception No. 796965.

3.      Defendant Forge Trust Company is, upon information and belief, a South Dakota corporation whose principal business address is Forge Trust Co. 401 East 8th Street, Suite #222 Sioux Falls, SD 57103.

4.      Taylor Hill Equitable Road Users Group ("THE RUG") is a Colorado nonprofit corporation whose principal place of business is 150 Ten Five Drive, Red Cliff, CO 81649.  THE RUG's registered agent is Olga Barron.  THE RUG is named in this lawsuit pursuant to C.R.C.P. 57.  No affirmative relief is being sought against THE RUG.

5.      Ryland Gardner ("Gardner") is a party to the reciprocal easement deed described in this Complaint.  Mr. Gardner is a citizen of Colorado whose primary address is 500 Northstar Court, Boulder, CO 80304.  Mr. Gardner is named in this lawsuit pursuant to C.R.C.P. 57.  No affirmative relief is being sought against Mr. Gardner.

6.      Jurisdiction is proper under C.R.S. § 13-1-124(1)(c).

7.      Venue is proper in this Court under C.R.C.P. 98(a) because this action affects real property in Eagle County, Colorado.

**General Allegations**

8.      The Whipple Property and the Provalenko Property (among other property in the area) were both owned by the same individual, David Faulkenberg.  See **Exhibit 1**.

9.      Defendant Provalenko has interfered with and have denied and continue to deny that Plaintiff has legal access to the Whipple Property by using Ten Five Drive as it crosses the Provalenko Property.

10.      For example, Defendant Provalenko used heavy equipment to narrow the easement from its historical width.  The current width makes it impossible for Whipple to drive his recreational vehicle off his property because the vehicle is now too wide to safely navigate Ten Five Drive in its current condition.  This was not a problem until Provalenko made unilateral changes to the easement.

11.      Provalenko dug ditches across Ten Five Drive in Whipple's easement that will cause Whipple's recreational vehicle to "bottom out" and become stuck and damage the undercarriage.  The ditches serve no legitimate purpose other than to aggravate and annoy Whipple.

12.      Provalenko's activities have caused damage to Whipple's trailer hitch.

13.      Provalenko installed posts and chains in the easement area that reduce the size of the easement and make navigation of Ten Five Drive in the winter unsafe and, in certain conditions, impossible.

14.      Provalenko has excessively narrowed the road in several places, making access

3

impossible for maintenance vehicles, including propane delivery and snow removal equipment, unsafe or impossible.

## The Road Users Agreement

15.     The Parties' properties are in the Taylor Hill Gulch area of Eagle County.  A marked-up screenshot from Eagle County GIS showing the parties' responsive properties is attached as **Exhibit 2**.

16.     The Parties access their properties by crossing Forest Service Road 731 ("FSR 731")

17.     The Parties have prescriptive rights of ingress and egress to their properties over FSR 731 and its spurs where such access way is on private property.  The Parties have given each reciprocal easements over their properties pursuant to a Road Users Agreement ("Agreement") recorded on December 7, 2017 at reception number 201723210.  A copy of the Agreement is attached as **Exhibit 3**.

18.     The Parties are part of road users group known as the Taylor Hill Equitable Road Users Group ("THE RUG").  THE RUG is a Colorado non-profit corporation, the purpose of which is to ensure vehicular and pedestrian access to the properties owed by the Members of the Corporation over the road known as FSR 731.

19.     The term "Access Road" in the Agreement is defined as FSR 731 and portions of its spurs.

20.     Ten Five Drive is a spur off 731.  The location of Ten Five Drive is shown on **Exhibit 2**.  Ten Five Drive cross the Whipple Property and the Provalenko Property.

21.     The term "Access Road" as used in the Agreement includes the entirety of Ten Five

4

Drive.  See **Exhibit 2; Exhibit A to Exhibit 3**.

22.     Each party to the Agreement "agrees that it will use the Access Road in a manner that will not damage or otherwise interfere with the use of the Access Road by any other Party or do anything that would violate the terms of any SUP[1] or Easement."  **Exhibit 3, Section 3**.

23.     All parties to the Agreement "agree to Reciprocal Access such that any other private party shall have a non-exclusive right to use those portions of the Access Road (including roadside parking areas, pullouts, and turnaround areas) that are on a Party's private property to the extent necessary for safe vehicular and pedestrian ingress and egress to their respective property." **Exhibit 3, Section 3**.

24.     Provalenko and Whipple both consent to the use of the Access Road by third parties who are the guests, invitees, or tenants of the other.  **Exhibit 3, Section 8**.

## The Reciprocal Easement Deed and Agreement

25.     Provalenko, Whipple, and Gardner are parties[2] to a Reciprocal Easement Deed and Agreement that was recorded July 1, 2002 at Reception number 800079 in the Eagle County real property records ("Easement Deed").  A copy of the Easement Deed is attached as **Exhibit 4**.

26.     The Easement Deed grants a "perpetual non-exclusive twenty (20) foot in width easement across the Provalenko Property and the Whipple Property "for ingress and egress unto" the Whipple Property and the Provalenko Property.

27.     The Easement Deed is appurtenant to the land and binds the original grantor's successors, namely Whipple and Provalenko.

---

[1] Special Use Permit.
[2] Guras is Whipple's predecessor in title.  Wiesen is Provalenko's predecessor in title.  No relief is being sought against Gardner.

28.     The Easement Deed grants Whipple an Easement across Provalenko's property using what is labeled as "Existing Gravel Road."  See This road is commonly referred to as Ten Five Drive.  **Exhibit 4, ¶ 3; Exhibit A to Exhibit 4.**

29.     The Easement Deed states that Whipple and Provalenko (along with Gardner, a neighbor who is not a party to this suit) "shall at their joint cost and expense maintain [Ten Five Drive] at all times in good passable condition."  **Exhibit 4, ¶ 11**.

30.     No structure or other improvements may be constructed [on Ten Five Drive] without the written consent of [Gardner, Whipple and Provalenko], except improvements to maintain [Ten Five Drive] in its current condition.  **Exhibit 4, ¶ 12.**

31.     Under the terms of the Easement Deed, any party who fails to perform fully and completely any duty or obligation imposed upon or assumed under the Easement Deed shall reimburse the non-defaulting party for all costs, attorney fees and expenses incurred by the non-defaulting party in curing such default, together with interest thereon at the rate of one and one-half percent (1.5%) per month until paid in full, promptly after demand for reimbursement by the non-defaulting party.

### First Claim for Relief
### (Declaratory Judgment – Easement by Implication)

32.     Plaintiff incorporates all paragraphs in his Complaint as though fully set forth herein.

33.     The Whipple Property and Provalenko Property were previously owned by the same individual, David Faulkenberg.

34.     The Whipple Property and Provalenko Property subsequently were conveyed by Mr. Faulkenberg to others.

35.     Ten Five Drive, as it crosses the Provalenko Property, provides access to the Whipple Property and was an obvious benefit to the Property and burden to the Provalenko Property at the time the underlying properties were conveyed by Mr. Faulkenberg to others.

36.     Ten Five Drive was used by Mr. Faulkenberg long enough before the conveyance(s) to show that the road was intended to be permanent.

37.     An easement for Ten Five Drive is necessary because continuation of its use is reasonably necessary to enjoyment of the parcel.

38.     Therefore, Plaintiff respectfully requests that the Court enter a declaratory judgment that an easement by implication exists for Ten Five Drive, in the location described on **Exhibit 4**, over and across the Provalenko Property that provides access to the Whipple Property.

**Second Claim for Relief**
**(Declaratory Judgment – C.R.C.P. 105 Complete Adjudication of Rights – Forest Service Road 731 Road Users Agreement)**

39.     Plaintiff incorporates all paragraphs in his Complaint as though fully set forth herein.

40.     Plaintiff asserts that he has a property right – an easement – for use of Ten Five Drive as it crosses the Provalenko Property for access to the Property.

41.     Defendants deny that Plaintiff has such a property right.

42.     Plaintiff respectfully requests that the Court completely adjudicate the rights of all parties with respect to Ten Five Drive as it crosses the Provalenko Property, as described in **Exhibit 3**, for access to the Property, and declare that Plaintiff has a property right – an easement – for use of Ten Five Drive for access to the Whipple Property.

**Third Claim for Relief**
**(Declaratory Judgment - C.R.C.P. 105 Complete Adjudication of Rights – Reciprocal**

**Easement Deed and Agreement)**

43.     Plaintiff incorporates all paragraphs in his Complaint as though fully set forth herein.

44.     Plaintiff asserts that he has a property right – an easement – for use of Ten Five Drive as it crosses the Provalenko Property for access to the Property.

45.     Defendants deny that Plaintiff has such a property right.

46.     Plaintiff respectfully requests that the Court completely adjudicate the rights of all parties with respect to Ten Five Drive as it crosses the Provalenko Property, as described in **Exhibit 4**, for access to the Property, and declare that Plaintiff has a property right – an easement – for use of Ten Five Drive for access to the Whipple Property.

**Fourth Claim for Relief**
**(Civil Trespass)**

47.     Plaintiff incorporates all paragraphs in his Complaint as though fully set forth herein.

48.     Whipple has an easement over the Provalenko Property to access the Whipple Property.

49.     Provalenko has narrowed the width of Whipple's easement and added obstructions and other physical obstacles to Whipple's easement.

50.     Provalenko narrowed the easement and added obstructions without Whipple's consent.

51.     Plaintiff respectfully requests that the Court award him damages reflecting diminution in value and costs of restoration and repair and order that Provalenko restore the easement to its original condition.

**Fifth Claim for Relief**
**(Permanent Injunction)**

52.     Plaintiff incorporates all paragraphs in his Complaint as though fully set forth herein.

53.     Defendant Provalenko has interfered with Plaintiff's use of Ten Five Drive across the Provalenko Property and has threatened to do so again in the future.

54.     This action by Provalenko is continuing and ongoing.

55.     This action by Provalenko is interfering with Whipple's use of Ten Five Drive across the Provalenko Property for access to the Whipple Property.

56.     A permanent injunction is required to prevent Provalenko from interfering with Whipple's property right.

57.     Irreparable harm will result unless the injunction is issued.

58.     The threatened injury outweighs the harm that the injunction may cause to the Provalenko.

59.     The injunction is in the public interest because the public policy of the State of Colorado is for all private property to have secure access rights.

60.     Therefore, Plaintiff respectfully requests that the Court enter a permanent injunction forever precluding Provalenko from interfering with Whipple's use of Ten Five Drive, as described in Exhibit 3 and Exhibit 4, across the Provalenko Property for access to the Property.

WHEREFORE, Plaintiff Thomas Whipple respectfully prays for judgment in his favor and against Defendant Provalenko as follows:

a.  For a declaratory judgment that an easement by implication exists for Ten Five Drive, in the location described in Exhibit 4, over and across the JV Property that provides access to the Property.

b.  For a decree completely adjudicating the rights of all parties with respect to Ten Five Drive, in the location described in Exhibit 3, that crosses the Provalenko Property for access to the Whipple Property, including a declaration that Plaintiff has a property right – an easement – for use of Ten Five Drive for access to the Whipple Property.

c.  For a decree completely adjudicating the rights of all parties with respect to Ten Five Drive, in the location described in Exhibit 4, that crosses the Provalenko Property for access to the Whipple Property, including a declaration that Plaintiff has a property right – an easement – for use of Ten Five Drive for access to the Whipple Property.

d.  For permanent, injunctive relief against Defendant forever barring him from interfering with Plaintiff's use, and the use of his agents, guests, and invitees, of Ten Five Drive as it crosses the Provalenko Property for access to the Whipple Property.

e.  For an award of damages against Provalenko for damage caused to Whipple's personal by Provalenko's actions;

f.  For an award of attorney's fees and costs under any applicable law or agreement; and

g.  For any such other relief as may be proper in the circumstances.

Respectfully submitted on August 29, 2022.

**Anderson Notarianni McMahon LLC**

*s/Kevin E. McKay*
Kevin E. McKay, #50997
*Attorneys for Plaintiff*

10

| DISTRICT COURT, EAGLE COUNTY, COLORADO<br>885 Chambers Avenue<br>P.O. Box 597<br>Eagle, CO 81631 | DATE FILED: August 29, 2022 3:07 PM<br>FILING ID: 7D0CA82B27795<br>CASE NUMBER: 2022CV30162 |
|---|---|
| Plaintiff: **THOMAS WHIPPLE**<br><br>v.<br><br>Defendant: **JASON PROVALENKO individually and as the beneficiary of Forge Trust Company f/k/a IRA Services Trust Company, FBO Jason Provalenko IRA Account #566032 Tax ID: #26-2627205; and FORGE TRUST COMPANY f/k/a IRA SERVICES TRUST COMPANY, FBO JASON PROVALENKO IRA ACCOUNT #566032 TAX ID: #26-2627205; and TAYLOR HILL EQUITABLE ROAD USERS GROUP, a Colorado nonprofit corporation; and RYLAND GARDNER** | **▲COURT USE ONLY▲** |
| *Attorneys for Plaintiff:*<br>ANDERSON NOTARIANNI MCMAHON LLC<br>Kevin E. McKay, #50997<br>1290 Broadway, Suite 1700<br>Denver, Colorado 80203<br>(303) 458-7117<br>kmckay@anm-law.com | Case No.<br><br>Division: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☐   This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

> By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.   ☐   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Respectfully submitted on August 29, 2022.

**Anderson Notarianni McMahon LLC**

*s/Kevin E. McKay*
Kevin E. McKay, #50997
*Attorneys for Plaintiff*