IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-00882-CNS-NRN

THOMAS WHIPPLE,

    Plaintiff,

v.

DANIEL E. BARRON, an individual,
OLGA B.K. BARRON, an individual,
JENNIFER C. COUNSELMAN, an individual,
BRIAN K. COUNSELMAN, an individual,
FIFTH THIRD MORTGAGE COMPANY, a foreign corporation,
W. RYLAND GARDNER, III, an individual,
GUARANTEED RATE, INC., a foreign corporation,
JKHP, LLC,
NBH BANK,
MATTHEW J. OTTO,
JASON PROVALENKO,
TEN FIVE LLC,
UNITED STATES OF AMERICA, UNITED STATES FOREST SERVICE, and
WELLS FARGO BANK, NATIONAL ASSOCIATION,

    Defendants.

## ORDER

Before the Court is Defendant United States Forest Service's Motion to Dismiss (ECF No. 25). For the reasons set forth below, the Court GRANTS the Forest Service's dismissal motion.

1

## I. BACKGROUND[1]

The parties are familiar with the First Amended Complaint's allegations and the case's procedural history. Mr. Whipple owns real property in Eagle County, Colorado (ECF No. 9 at 1-2 ¶ 1). He must cross property owned by various Defendants to access his property (*see, e.g., id.* at 2 ¶¶ 2–3). One of these Defendants, Defendant Jason Provalenko, has allegedly interfered with Mr. Whipple's access to his property by, for instance, making "unilateral changes to the easement" (*see id.* at 4 ¶¶ 20–21). Mr. Provalenko's actions have harmed Mr. Whipple's property (*see, e.g., id.* at 5 ¶ 31). Messrs. Provalenko and Whipple are parties to an easement deed that grants "ingress and egress unto" their properties (*id.* at 6 ¶ 43). The parties in this lawsuit access their properties by crossing Forest Service Road 731 (*id.* at 5 ¶ 33). They have also given each other various means of access to their properties over Forest Service Road 731 (*see, e.g., id.* at 5–6 ¶ 35, 40). The Forest Service "owns land lying between Joke Lode and Ohio Boy Lode, among other extensive land holdings in Eagle County, Colorado," and Mr. Whipple "must cross Forest Service land to access" his property (*id.* at 3 ¶ 15).

Mr. Whipple brings eight claims for relief, six for declaratory judgment and injunctive relief regarding the easement used for accessing his property, one for civil trespass, and one for outrageous conduct against Mr. Provalenko (*see id.* at 7–11).[2] Mr. Whipple does not seek relief from the Forest Service or federal government (*see generally* ECF No. 9). The Forest Service removed this civil action to federal court in April 2023 pursuant to 28 U.S.C. § 1442(a)(1) (*see*

---

[1] The background facts are taken from the well-pleaded allegations in Plaintiff Thomas Whipple's First Amended Complaint. *See Porter v. Ford Motor Co.*, 917 F.3d 1246, 1247 n.1 (10th Cir. 2019).

[2] Mr. Whipple's fourth claim for relief was dismissed in state court (*see* ECF No. 1-16).

2

*generally* ECF No. 1). That same month, the Forest Service filed the instant dismissal motion pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 25). The motion is fully briefed (ECF Nos. 36, 45).[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs dismissal challenges for lack of subject matter jurisdiction. Rule 12(b)(1) challenges assume two forms. First, the moving party may mount a "facial attack" that challenges the complaint's allegations as to the "existence of subject matter jurisdiction." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). When a party mounts a facial attack, courts must accept a complaint's allegations as true. *See Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995). Second, a party may "go beyond" the complaint's allegations by presenting evidence challenging the factual basis "upon which subject matter jurisdiction rests." *Id*. (citation omitted). A plaintiff bears the burden of establishing subject matter jurisdiction because they are the party asserting it. *See Port City Properties v. Union Pac. R. Co*., 518 F.3d 1186, 1189 (10th Cir. 2008).

## III. ANALYSIS

Having considered the parties' briefing, the case file, and relevant legal authority, the Court grants the Forest Service's dismissal motion.

### A. Sovereign Immunity

The Forest Service contends that sovereign immunity bars any claims Mr. Whipple may have against it (ECF No. 25 at 4). Mr. Whipple argues that the Court has subject matter jurisdiction

---

[3] Defendants and Counterclaimants JKHP, LLC and Mr. Provalenko also filed a Response to the Forest Service's dismissal motion (ECF No. 34). Other motions remain pending before the Court, including these Defendants' Motion to Dismiss (ECF No. 35).

over his case because "there is no waiver of sovereign immunity" (ECF No. 36 at 1).[4] The Court agrees with the Forest Service.

"The concept of sovereign immunity means that the United States cannot be sued without its consent." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992) (citation omitted). A court does not have subject matter jurisdiction over a claim against the United States if sovereign immunity has not been waived. *Iowa Tribe Of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). Therefore, "plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim." *Id.* (citations omitted). A waiver of sovereign immunity must be "unequivocally expressed." *See, e.g., United States v. King*, 395 U.S. 1, 4 (1969).

The Quiet Title Act is an express waiver of the United States' sovereign immunity. *See High Lonesome Ranch, LLC v. Bd. of Cnty. Commissioners for Cnty. of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023). The Quiet Title Act is the "exclusive means by which adverse claimants [can] challenge the United States' title to real property." *Id.* (quotations omitted). The Quiet Title Act allows plaintiffs to sue the United States "to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). Thus, for a court to exercise jurisdiction over a Quiet Title Act claim, a plaintiff must establish that: (1) the United States "claims an interest" in the property at issue; and (2) title to the property is "disputed." *Kane Cnty., Utah v. United States*, 772 F.3d 1205, 1210–11 (10th Cir. 2014), *abrogated on other grounds by Wilkins v. United States*, 143 S. Ct. 870 (2023) (quotations omitted).

---

[4] The Court presumes Mr. Whipple argues that sovereign immunity has been waived.

Reading the First Amended Complaint and its attachments in their entirety, Mr. Whipple has failed to plead that the Forest Service claims an interest in or disputes title to the alleged easement across Mr. Provalenko's property or any other properties discussed in the First Amended Complaint (*see generally* ECF No. 9; ECF No. 25). *See also Kane County*, 772 F.3d at 1210–11. None of Mr. Whipple's claims seek to resolve any title dispute regarding any property interest with the Forest Service (ECF No. 45 at 4). Accordingly, Mr. Whipple has failed to plead any claim that falls within the Quiet Title Act's limited sovereign immunity waiver. *See High Lonesome*, 61 F.4th at 1237; *Kane County*, 772 F.3d at 1213.

Mr. Whipple argues that he has stated a Quiet Title Act claim because the "Existing Gravel Road" crosses "Forest Service Property," and that Defendant JKHP, LLC's Answer denying the existence of Mr. Whipple's easement across the "Existing Gravel Road" puts title to the Forest Service's property "in dispute" (ECF No. 36 at 2–3). This argument fails to persuade that he has adequately pleaded a Quiet Title Act claim against the United States. *Cf.* § 2409a(a); *Kane County*, 772 F.3d at 1210–11. Mr. Whipple identifies no allegations in the First Amended Complaint that demonstrate any interest the Forest Service has claimed in the property, or that the Forest Service disputes any property title (*see* ECF No. 45 at 2–3). And his contention that the denials in JKHP, LLC's Answer are sufficient to satisfy the Quiet Title Act's "dispute" element is unavailing, given that it does not establish that the *Forest Service* disputes title.

At bottom, the Court agrees with the Forest Service that the First Amended Complaint does not contain any claim that seeks to quiet title against the United States, and that Mr. Whipple has

failed to plead a valid Quiet Title Act claim (*see, e.g.,* ECF No. 45 at 4).[5] Because Mr. Whipple has not established that the Quiet Title Act's sovereign immunity waiver applies, the Court need not address the Forest Service's additional argument that the derivative jurisdiction doctrine bars Mr. Whipple's claim against it (ECF No. 25 at 7).

### B. Supplemental Jurisdiction

The Forest Service contends that the Court should dismiss it from this case and remand the case to state court (*see, e.g.,* ECF No. 45 at 6). Mr. Whipple urges the Court to stay, rather than dismiss, the case (ECF No. 36 at 3). In their Response to the Forest Service's dismissal motion, Defendants JKHP, LLC and Mr. Provalenko agree with the Forest Service that the Court lacks jurisdiction over the Forest Service, but argue that the "proper remedy" is the dismissal of Mr. Whipple's claims because the Forest Service is a necessary and indispensable party (ECF No. 34 at 2).[6] The Court agrees with the Forest Service.

"[S]ubject matter jurisdiction is a threshold issue." *Robertson v. REP Processing, LLC*, No. 19-cv-02910-PAB-NYW, 2020 WL 5735081, at *2 (D. Colo. Sept. 24, 2020) (citation omitted). Where a district court dismisses all federal claims on the merits, it has discretion to exercise supplemental jurisdiction, but if a court dismisses federal claims "for lack of subject matter jurisdiction, it has no discretion . . . ." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). Fundamentally, if the federal claim is dismissed for lack of subject matter jurisdiction, a district court "has no discretion to retain the supplemental claims for adjudication."

---

[5] The Court also agrees with the Forest Service that there are no other sovereign immunity waivers that may apply to Mr. Whipple's claims (ECF No. 25 at 6–7). Mr. Whipple does not appear to contest this in his Response (*see generally* ECF No. 36).

[6] In their Response, Defendants note that Mr. Provalenko's counterclaims are "based entirely on state and municipal law" (ECF No. 34 at 16).

6

*Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 n.3 (10th Cir. 2004) (quotation omitted). When a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.A. § 1447(c).

The First Amended Complaint raises no federal claims. The parties are not completely diverse. Dismissal of the Forest Service from this action on sovereign immunity grounds is warranted. For these reasons, the Court lacks original jurisdiction over this case. *See Estate of Harshman*, 379 F.3d at 1167 (concluding that district court "exceeded its authority" by retaining jurisdiction over state law claims and non-diverse parties where "dismissing the federal tort claims and the federal defendant for lack of subject matter jurisdiction stripped the district court of its original jurisdiction"). Accordingly, because the Court lacks subject matter jurisdiction, remand to state court—rather than staying the case or dismissing Mr. Whipple's claims for relief, regardless of the Forest Service's status as a party in this case—is appropriate (*see* ECF No. 45 at 7–8). *See also Estate of Harshman*, 379 F.3d at 1168; *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 558 (10th Cir. 2000) (determining that remand was required where sovereign immunity deprived court of subject matter jurisdiction); § 1447(c).

## IV. CONCLUSION

Consistent with the above analysis, the Court GRANTS the Forest Service's Motion to Dismiss (ECF No. 25). This case is REMANDED to the Colorado state court from which it was removed.

DATED this day of May 31, 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

8